# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RODNEY STOCKTON AND** | § | |
| **THERESA ROBINSON STOCKTON,** | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| **v.** | § | **Case No. 1:20-cv-00506-RP** |
| | § | |
| **ALLSTATE FIRE AND** | § | |
| **CASUALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
    **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Allstate Fire & Casualty Insurance Company's Motion to

Dismiss Plaintiffs' Second Amended Complaint, filed June 5, 2020 (Dkt. 8), and Plaintiffs' Motion

to Remand, filed July 24, 2020 (Dkt. 16). The District Court referred the motions to the

undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1),

Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United

States District Court for the Western District of Texas ("Local Rules").

### I.    Background

Plaintiffs Rodney Stockton and Theresa Robinson Stockton[1] seek underinsured motorist

benefits under their insurance policy contract (the "Policy") with Allstate Fire & Casualty

Insurance Company ("Allstate"). Plaintiffs allege that they were injured in an April 2016

automobile accident caused by the negligence of an underinsured driver.

---

[1] Although both of Plaintiffs' surnames are spelled "Stockston" in the Amended Complaint, this is
inconsistent with the parties' subsequent briefing and appears to be an error.

Plaintiffs filed suit in state court on April 13, 2020, asserting claims for breach of contract and violations of the Texas Insurance Code against Allstate. *Stockton v. Allstate*, No. 20-0417-C (Co. Ct. at Law No. 1, Hays County, Tex. Apr. 13, 2020), Dkt. 1-3. In their Original Petition, Plaintiffs allege that Allstate refuses to pay underinsured motorist benefits under the Policy and seek "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, and pre-judgment interest." Dkt. 1-3.

On May 11, 2020, Allstate removed this suit to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1. On May 20, 2020, Plaintiffs filed a Second Amended Complaint, restating their previous claims and adding an allegation that "the amount in controversy does not meet or exceed $75,000 excluding costs and interest." Dkt. 6 ¶ 2.01. Allstate filed a motion to dismiss Plaintiffs' claims under FED. R. CIV. P. 12(b)(6), to which Plaintiffs seek to respond out of time. Dkts. 8, 10, 10-1. On July 24, 2020, Plaintiffs moved to remand, contending that the case does not meet the amount in controversy threshold of $75,000 for diversity jurisdiction. Dkt. 16.

The Court addresses the Motion to Remand first because it concerns the Court's subject matter jurisdiction.

## II.   Motion to Remand

### A.  Legal Standard

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. There are two principal bases on which a district court may exercise removal jurisdiction: the existence of a federal question, and complete diversity of citizenship between the parties. 28 U.S.C. §§ 1331 and 1332. Here, Allstate alleges diversity of citizenship as the basis of the Court's jurisdiction.

A federal court may exercise diversity jurisdiction after removal only if three requirements are met: (1) the parties are of completely diverse citizenship; (2) none of the properly joined

defendants is a citizen of the state in which the case is brought; and (3) the case involves an amount in controversy of more than $75,000. *See* 28 U.S.C. §§ 1332(a), 1441(b)(2); *Flagg v. Stryker Corp.*, 819 F.3d 132, 135-36 (5th Cir. 2016). On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

**B. Analysis**

Plaintiffs argue that remand is required because the amount in controversy is not more than $75,000.[2] Dkt. 16. Plaintiffs assert that they properly pled a range of damages in their Original Petition, as mandated by Texas law, and that Allstate has failed to establish that more than $75,000 was in controversy at the time of removal. *Id.* at 3-4. Since the removal, Plaintiffs have amended their complaint to specify that the benefits due to them under the Policy are "up to $30,000." Dkt. 6 ¶¶ 5.03, 7.02. Allstate argues that it met its burden to establish the amount in controversy at the time of removal "through the explicit good faith assertions by Plaintiffs that they seek to recover amounts that could exceed $75,000 for medical expenses, lost wages, bad faith, deceptive trade practices, breach of contract" and other relief, including attorneys' fees. Dkt. 17 at 4.

---

[2] Plaintiffs are Texas residents, and Defendant Allstate is an Illinois corporation with its principal place of business in Illinois. Dkt. 1 ¶ 7; Dkt. 6 ¶ 1.01. The parties do not contest their respective citizenships, and the requirements of complete diversity of parties and the defendant's citizenship with respect to the forum have been satisfied.

When a state court petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy is adequate. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). It may meet its burden in two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000; or (2) "by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *see also Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 851 (5th Cir. 1999) (stating that, when a state court petition describes damages inadequately to support removal, the removing party has an affirmative burden to produce information, through factual allegations or an affidavit). Any ambiguities in the state court petition must be construed against removal and in favor of remand. *Manguno*, 276 F.3d at 723.

In its Notice of Removal, Allstate relies solely on an allegation in Plaintiffs' Original Petition to establish the amount in controversy, erroneously stating that Plaintiffs seek "monetary relief in excess of $100,000.00." Dkt. 1 ¶¶ 9-10. Plaintiffs' Original Petition, however, seeks "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, and pre-judgment interest."[3] Dkt. 1-3 at 2. Allstate provides no additional information, either in its Notice or in a supporting affidavit, to show that the amount in controversy requirement has been met. Allstate merely misstates Plaintiffs' damages allegation and makes the conclusory statement that "[b]ased upon the foregoing, the amount in controversy exceeds $75,000.00." *Id.* ¶ 10.

---

[3] Plaintiffs' damages allegation complies with Texas state law, which requires plaintiffs provide a statement that they seek monetary relief in the form of one of five prescribed categories rather than alleging a specific damages amount. *See* Tex. R. Civ. P. 47(c)(1).

Removal cannot be based on conclusory allegations. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *Allen*, 63 F.3d at 1335. Allstate's Notice of Removal contains only erroneously quoted and conclusory statements regarding the amount in controversy. Dkt. 1 at ¶¶ 9-10. In addition, contrary to Allstate's assertions in its Response, Plaintiffs' Original Petition does not contain sufficient information to be "facially apparent" that the amount in controversy at the time of removal exceeded $75,000. Plaintiffs allege they sustained "major bodily injuries which required medical treatment," but provide no further detail that would allow determination of a minimum amount in controversy from the face of the petition. Dkt. 1-3 at 2. Allstate provided no further information in its Notice of Removal. *Cf. Felton*, 324 F.3d at 774 (notice of removal included detailed description of plaintiff's injuries and medical costs); *Manguno*, 276 F.3d at 724 (notice of removal included affidavit stating attorneys' fees alone likely would exceed $75,000); *Jimenez v. Allstate Vehicle & Prop. Ins. Co.*, Cause No. 5:20-cv-0006-XR, 2020 WL 6123136, at *2 (W.D. Tex. Feb. 24, 2020) (notice of removal included demand letter stating amount owed under policy and recited causes of action providing for treble damages and attorneys' fees).

Allstate also argues that Plaintiffs must show as a legal certainty that they cannot recover more than $75,000 to be entitled to remand. Dkt. 17 at 4. This burden is imposed only if Allstate first proves by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, which it has not. *See De Aguilar*, 47 F.3d at 1411.

Allstate has not met its burden to show by a preponderance of the evidence that diversity jurisdiction existed at the time of removal. The Court therefore recommends that Plaintiffs' Motion to Remand be **GRANTED**.

### III.   Motion to Dismiss

Because the Court recommends granting Plaintiffs' Motion to Remand, the Court recommends that the District Court dismiss Allstate's Motion to Dismiss (Dkt. 8) as moot.

### IV.   Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Motion to Remand (Dkt. 16) and **REMAND** this action to County Court at Law No. 1 in Hays County, Texas. The Court **FURTHER RECOMMENDS** that the District Court **DISMISS AS MOOT** Allstate's Motion to Dismiss (Dkt. 8).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

### V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 10, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

6